DISTRICT COURT OF THE VIRGIN ISLANDS
ST. THOMAS & ST. JOHN VICINAGE

JOHN DOE                                          )
                                                  )
                        Plaintiff,                )
                                                  )
            -vs-                                  )
                                                  )        **VERIFIED COMPLAINT**
VIRGIN ISLANDS DEPARTMENT OF                      )
EDUCATION; VIRGIN ISLANDS BOARD OF                )        Civ. No.: _____
EDUCATION; GOVERNMENT OF THE VIRGIN               )
ISLANDS; VIRGIN ISLANDS DEPARTMENT OF             )        ***Jury Trial Demanded***
HUMAN SERVICES; ALFREDO BRUCE SMITH;              )
ALCEDE EDWARDS, CAMELIA FEBRES; and               )
RICHARD ROES 1-20;                                )
                                                  )
                        Defendants.               )
                                                  )

Plaintiff, JOHN DOE, ("Plaintiff" or "DOE") by his attorneys, Cevallos & Wong LLP, hereby

files his Verified Complaint against the named Defendants VIRGIN ISLANDS DEPARTMENT

OF EDUCATION [hereinafter "VIDE"]; VIRGIN ISLANDS BOARD OF EDUCATION

[hereinafter "BOE"]; GOVERNMENT OF THE VIRGIN ISLANDS [hereinafter "GVI"];

VIRGIN ISLANDS DEPARTMENT OF HUMAN SERVICES [hereinafter "VIDHS"];

ALFREDO BRUCE SMITH [hereinafter "SMITH"]; ALCEDE EDWARDS [hereinafter

"EDWARDS"]; CAMELIA FEBRES [hereinafter "FEBRES"]; and RICHARD ROES 1-20

[hereinafter "ROES 1-20"].

## I. THE PARTIES

### A. Plaintiff John Doe

1. Plaintiff JOHN DOE has filed this Complaint anonymously under a pseudonym "John

Doe," and files contemporaneously with this Complaint a motion for leave to file an *ex parte*

motion to proceed anonymously, using a pseudonym.

Case: 3:24-cv-00066    Document #: 1    Filed: 12/23/24    Page 2 of 46

DOE vs. GVI, VIDE, BOE, VIDHS, SMITH, EDWARDS, FEBRES, and ROES 1-20
VERIFIED COMPLAINT – D.V.I.
P. **2** of 46

2. Plaintiff is an adult individual now, but was a minor child and a student of CAHS at the time of the alleged abuse, and at all other relevant times herein.

3. Plaintiff is domiciled in and a citizen of the State of Washington.

### B. Defendants

#### (1) Defendant GVI

4. Defendant GOVERNMENT OF THE VIRGIN ISLANDS (hereinafter "GVI") is a body politic with the right to sue and be sued pursuant to the Revised Organic Act of 1954 Section 2(b).

#### (2) Defendant VIDE

5. The VIRGIN ISLANDS DEPARTMENT OF EDUCATION ("VIDE") is an executive department and agency of the Government of the U.S. Virgin Islands. 3 V.I.C. § 91.

6. VIDE is domiciled in the U.S. Virgin Islands, with an office address at 1834 Kongens Gade, St. Thomas, VI 00802.

7. VIDE is responsible for administering the pre-college education system in the Virgin Islands, including Charlotte Amalie High School ("CAHS"), where defendant SMITH was employed.

#### (3) Defendant BOE

8. Defendant VIRGIN ISLANDS BOARD OF EDUCATION [hereinafter "BOE"] is an independent agency separate and distinct of the executive branch pursuant to 3 V.I.C. § 97.

9. BOE is responsible for, among other things, certifying teachers and other education professionals, and governing education policies and standards of public schools in the U.S. Virgin Islands.

#### (4) Defendant VIDHS

10. Defendant VIRGIN ISLANDS DEPARTMENT OF HUMAN SERVICES [hereinafter

Case: 3:24-cv-00066   Document #: 1   Filed: 12/23/24   Page 3 of 46

DOE vs. GVI, VIDE, BOE, VIDHS, SMITH, EDWARDS, FEBRES, and ROES 1-20
VERIFIED COMPLAINT – D.V.I.
P. **3** of 46

"VIDHS"] is established as an executive department in the Government of the United States

Virgin Islands, see Title 3 V.I.C. § 430(a).

### (5) ALFREDO BRUCE SMITH

11. Defendant ALFREDO BRUCE SMITH ["SMITH"] is a former coach at Charlotte Amalie

High School ["CAHS"] who sexually abused the plaintiff and other minor children with the

knowledge of other defendants.

12. SMITH was and is domiciled in St. Thomas, U.S. Virgin Islands, though he is currently in

custody at FDC Miami, in Florida.

13. At all times relevant hereto, SMITH was an employee of VIDE and an agent of

Defendants.

### (6) ALCEDE EDWARDS

14. Defendant ALCEDE EDWARDS ["EDWARDS"] at all times relevant hereto was the

Principal at CAHS, a school official with a duty to report alleged abuse, someone with actual

knowledge of SMITH's abuse, and an "appropriate person" under Title IX.

15. EDWARDS was and is a citizen of and domiciled in St. Thomas, U.S. Virgin Islands.

16. At all times relevant hereto, EDWARDS was an employee of VIDE and an agent of

Defendants.

### (7) CAMELIA FEBRES

17. Defendant CAMELIA FEBRES [hereinafter "FEBRES"] at all times relevant hereto was

a teacher at CAHS, a school official with a duty to report alleged abuse, someone with actual

knowledge of SMITH's abuse, someone who knew Plaintiff feared being forced into a room with

SMITH in Puerto Rico, and an "appropriate person" under Title IX.

18. FEBRES was and is a citizen of and domiciled in St. Thomas, U.S. Virgin Islands.

19. At all times relevant hereto, FEBRES was an employee of VIDE and an agent of

Case: 3:24-cv-00066    Document #: 1    Filed: 12/23/24    Page 4 of 46

DOE vs. GVI, VIDE, BOE, VIDHS, SMITH, EDWARDS, FEBRES, and ROES 1-20
VERIFIED COMPLAINT – D.V.I.
P. **4** of 46

Defendants.

### (8) RICHARD ROES 1-20 (FICTITIOUS DEFENDANTS)

20. RICHARD ROES 1-20 [hereinafter "ROES 1-20"] are fictitious defendants, who could be male or female.

21. ROES 1-20 are as-yet unidentified school officials, board members, teachers, coaches, social workers, administrators, or other employees or agents of the GVI, VIDE, BOE, and/or VIDHS, who knew or should have known of SMITH's abuse, had an obligation to report the abuse; failed to report the abuse; permitted, sanctioned, approved the abuse; failed to stop SMITH's abuse; enacted or maintained policies that permitted SMITH to abuse children; failed to train officials and SMITH; failed to discipline or terminate SMITH; and/or conspired to allow SMITH to abuse children despite knowing of the dangers SMITH posed.

22. All Defendants, including ROES 1-20, were mandated reporters of child abuse.

23. Fictitious pleading is required here because the Defendants and others have made efforts to conceal the identities of ROES 1-20.

24. On 12/2/2024, the St. Thomas Source reported, without naming the individuals, that "[t]wo principals and an assistant principal have reportedly been placed on paid leave pending the outcome of a special investigation into allegations they failed to report the crimes of former Charlotte Amalie High School track coach Bruce Smith, though the [defendant VIDE] has not issued an official confirmation."[1]

25. As recently as 12/2/2024, defendant VIDE refused to provide to the public "an official statement or comment regarding this matter at this time, as it is part of an ongoing

---

[1] Ananta Pancham, *Special Investigation Launched Into Education Officials Over Alleged Reporting Failures in Bruce Smith Case*, St. Thomas Source, 12/2/2024. https://stthomassource.com/content/2024/12/02/special-investigation-launched-into-education-officials-over-alleged-reporting-failures-in-bruce-smith-case/.

Case: 3:24-cv-00066   Document #: 1   Filed: 12/23/24   Page 5 of 46

DOE vs. GVI, VIDE, BOE, VIDHS, SMITH, EDWARDS, FEBRES, and ROES 1-20
VERIFIED COMPLAINT – D.V.I.
P. **5** of 46

investigation."[2] VIDE's investigation (an investigation of itself) "is still in the beginning

phases…"[3] VIDE's tight-lipped approach has rendered it difficult to identify ROES 1-20.

26. ROES 1-20 are all residents of and domiciled in the U.S. Virgin Islands, and their conduct

complained of herein occurred primarily in the U.S. Virgin Islands.

27. For service of process purposes, ROES 1-20 upon information and belief, at all times

relevant hereto, are or were all employees, agents, independent contractors, elected officials,

school officials, social workers, teachers, coaches, administrators at one of the defendants GVI,

VIDE, BOE, and/or VIDHS.

28. Fictitious naming of defendants is permitted and routinely used as stand-ins for real

parties until discovery permits the intended defendants to be installed. *Hindes v. FDIC*, 137 F.3d

148, 155 (3d Cir. 1998); *Alston v. Parker*, 363 F.3d 229, 233 n. 6 (3d Cir. 2004); *In re

Sandblaster Silicosis Cases*, 70 V.I. 301, 308, 2019 VI SUPER 44, ¶ 9 (Super. Ct. 2019).


## II. JURISDICTION AND VENUE

### A. Subject Matter Jurisdiction

29. This Court has original jurisdiction under 28 U.S.C. § 1331, which provides for federal

question jurisdiction, and supplemental jurisdiction pursuant to 28 U.S.C.A. § 1367(a), over all

nonfederal claims.

#### (1) FEDERAL QUESTION JURISDICTION

30. Plaintiff has pleaded colorable claims arising under the Constitution or laws of the United

States.

31. The Court has subject matter jurisdiction over plaintiff's federal claims, including

pursuant to federal statutes, including, but not limited to, 42 U.S.C. §§ 1983, 1985, 1986; Title

---

[2] *Id.*

[3] *Id.*

Case: 3:24-cv-00066    Document #: 1    Filed: 12/23/24    Page 6 of 46

DOE vs. GVI, VIDE, BOE, VIDHS, SMITH, EDWARDS, FEBRES, and ROES 1-20
VERIFIED COMPLAINT – D.V.I.
P. **6** of 46

IX of the Education Amendments of 1972; the Trafficking Victims Protection Reauthorization

Act ("TVPRA"), 18 U.S.C. §§ 1591, *et seq*.; and the 14th Amendment Due Process Clause; 28

U.S.C. § 1331.

32. Defendants' conduct was "in or affecting interstate commerce," and involved interstate

travel including, but not limited to, Puerto Rico. See, e.g., 18 U.S.C. § 1591, *et seq*.

### (2) SUPPLEMENTAL JURISDICTION

33. Supplemental jurisdiction over all of plaintiff's nonfederal claims is proper here because

there is a common nucleus of operative fact between the nonfederal, common law, or territorial

claims at issue and the accompanying federal claims.

34. The nonfederal claims are directly related to, and part of the same case or controversy as

the federal claims.

35. Accordingly, this Court has supplemental jurisdiction over all non-federal claims herein as

well. 28 U.S.C.A. § 1367(a).

### B. Personal Jurisdiction

36. The Court has personal jurisdiction over all defendants that are the government or

government agencies of the Territory of the Virgin Islands. 5 V.I.C. § 4902, 4903; Fed.R.Civ.P.

4(k)(1)(A).

37. The Court has personal jurisdiction over individual defendants SMITH, EDWARDS,

FEBRES, and ROES 1-20, whose alleged conduct was in the Virgin Islands, were domiciled in

the Virgin Islands at the time of the conduct, and/or still domiciled in the Virgin Islands. 5 V.I.C.

§ 4902, 4903; Fed.R.Civ.P. 4(k)(1)(A).

38. This Court can exercise personal jurisdiction over defendants, who are persons domiciled

in, organized under the laws of, or maintaining his or its principal place of business, in this

territory as to any claim for relief. 5 V.I.C. § 4902; Fed.R.Civ.P. 4(k)(1)(A).

Case: 3:24-cv-00066   Document #: 1   Filed: 12/23/24   Page 7 of 46

DOE vs. GVI, VIDE, BOE, VIDHS, SMITH, EDWARDS, FEBRES, and ROES 1-20
VERIFIED COMPLAINT – D.V.I.
P. **7** of 46

39. This Court may exercise personal jurisdiction over defendants, who acted directly or by an agent, as to plaintiff's claims for relief arising from the defendants' transacting any business in this territory; contracting to supply services in this territory; causing tortious injury by an act or omission in this territory; causing tortious injury in this territory by an act or omission outside this territory, including Puerto Rico; having an interest in, using, or possessing real property in this territory; and/or abandoning a minor in this Territory. 5 V.I.C. § 4903.

40. Defendants regularly do or solicit business, engage in persistent courses of conduct, derive substantial revenue from goods used or consumed or services rendered in this territory. 5 V.I.C. § 4903.

### C. Venue

41. Venue is proper in the U.S. Virgin Islands, and in this District and Vicinage because all defendants reside in, and acts complained of, occurred within this district. 28 U.S.C. § 1391.

## III. NO STATUTE OF LIMITATIONS; CLAIMS TIMELY

42. This Verified Complaint and the claims therein are timely filed since the passing of legislation extending/eliminating the statute of limitations for sexual assaults such as those perpetrated against the Plaintiff by SMITH and Defendants.

43. In or around early December, 2024, Lt. Gov. Tregenza A. Roach, serving as acting governor, signed into law a bill eliminating the statute of limitations for victims of childhood sexual abuse to file civil lawsuits.[4]

44. The newly signed law amended Title 5, Chapter 3, Sections 31 and 36 of the Virgin Islands Code to extend the statute of limitations and the "lookback" period for filing a lawsuit.

---

[4] St. Thomas Source, *Roach Signs Bill Removing Time Limits for Civil Lawsuits on Childhood Sexual Abuse*, Staff, 12/4/2024, ["Roach Signs Bill"] available at https://stthomassource.com/content/2024/12/04/roach-signs-bill-removing-time-limits-for-civil-lawsuits-on-childhood-sexual-abuse/.

Case: 3:24-cv-00066    Document #: 1    Filed: 12/23/24    Page 8 of 46

DOE vs. GVI, VIDE, BOE, VIDHS, SMITH, EDWARDS, FEBRES, and ROES 1-20
VERIFIED COMPLAINT – D.V.I.
P. **8** of 46

45. Under the new law, 5 V.I.C. §§ 31-36, survivors such as plaintiff can now file civil lawsuits at any time, regardless of how long ago the abuse occurred or when it was discovered.

46. The statute also applies retroactively, allowing previously barred cases to proceed. 5 V.I.C. §§ 31-36.

47. Governor Roach clarified that "The bill…basically provides that there is no limitation and that [civil] suits can be brought at any time."[5]

## IV. COMPLIANCE WITH VITCA REQUIREMENTS

48. Plaintiff has complied with the notice, filing, and service requirements of the Virgin Islands Tort Claims Act, 33 V.I.C. §§ 3401 through 3417 ("VITCA") as to defendants GVI, VIDE, BOE, and VIDHS.

49. Plaintiff filed his written Notices of Intention to File a Claim (hereinafter "NIFC") against GVI, VIDE, BOE, and VIDHS, with the Office of the Governor, and a copy was served upon the Attorney General, within ninety (90) days after the "accrual" of such claim. 33 V.I.C. § 3409(c). A copy of the Affidavits of Service are appended hereto as *Exhibit A*.

50. While plaintiff's assaults happened in and around 2019, the 90 day time period remaining under VITCA to file the Notice of Claim restarted when the Statute of Limitations period was eliminated as described above. 5 V.I.C. §§ 31, 36.

51. Accordingly, the NIFC was timely filed and served. 33 V.I.C. § 3409.

52. On 12/17/2024, at 1:09 p.m., the NIFC was served upon the Virgin Islands Attorney General at 34-38 Kronprindsens Gade, St. Thomas, VI. See attached.

53. On 12/17/2024, at 1:20 p.m., the Governor of the Virgin Islands was served with the NIFC at 21-22 Kongens Gade, St. Thomas, VI. See attached.

---

[5] St. Thomas Source, *Roach Signs Bill.*

Case: 3:24-cv-00066    Document #: 1    Filed: 12/23/24    Page 9 of 46

DOE vs. GVI, VIDE, BOE, VIDHS, SMITH, EDWARDS, FEBRES, and ROES 1-20
VERIFIED COMPLAINT – D.V.I.
P. **9** of 46

54. The NIFC states the time when and the place where such claim arose, the nature of same, and items of damage or injuries claimed to have been sustained and the total sum claimed. 33 V.I.C. § 3410.

55. The NIFC was verified by the claimant/plaintiff. 33 V.I.C. § 3410.

## V. FACTS

### A. Coach Smith Sexually Abused Minor Male Students for Many Years

56. SMITH was employed by Defendants VIDE, CAHS, GVI, and BOE as a Hall Monitor and Track and Field Coach at the Charlotte Amalie High School ("CAHS") from 2006 to 2021.[6]

57. From 2006 to 2021, SMITH sexually assaulted and exploited several male minor victims, including Plaintiff, that were students attending the CAHS,[7] and Defendants were actually aware, and should have been aware of the assaults.

58. According to prosecuting Assistant U.S. Attorney Everard Potter at SMITH's federal sentencing, SMITH's abuse started when he became employed at the school in 2006: "So, he gets to Charlotte Amalie High School in 2006 and *right out the gate* he sexually assaulted young boys until 2021 when he was arrested."[8]

59. During this time, from 2006 until Plaintiff was first sexually assaulted in February or March of 2019, upon information and belief, Defendants received reports of SMITH's assaults and failed to properly respond or respond at all.

60. During this tenure, while employed and supervised by Defendants, SMITH assaulted and

---

[6] Plea Agreement, *US v. Alfredo Bruce SMITH*, Case: 3:21-cr-00019-RAM-GAT; ECF # 106, Filed: 09/13/23, ["Plea Agreement"] available at https://ecf.vid.uscourts.gov/doc1/19311357903.

[7] Plea Agreement.

[8] WTJX, *Alfredo Bruce SMITH gets 35 years in prison for raping boys, VIDE tight-lipped on investigation*, ["*SMITH gets 35 years*"] https://newsfeed.wtjx.org/podcast/wtjx-newsfeed/2024-04-26/alfredo-bruce-smith-gets-35-years-in-prison-for-raping-boys-vide-tight-lipped-on-investigation.

Case: 3:24-cv-00066    Document #: 1    Filed: 12/23/24    Page 10 of 46

DOE vs. GVI, VIDE, BOE, VIDHS, SMITH, EDWARDS, FEBRES, and ROES 1-20
VERIFIED COMPLAINT – D.V.I.
P. **10** of 46

exploited several male minor victims that were students attending the CAHS.[9]

61. Starting in June 2015, SMITH coerced or persuaded minor victims, who were all students at CAHS, to engage in sexual activity with him.[10] When SMITH succeeded in his coercion, he employed a cell phone and at times the school's camcorder to record himself and the minor victims engaging in sexual activity.[11]

62. SMITH forced students into sexual intercourse and sodomy both on and off CAHS' campus. The minors also explained that the SMITH showed the minors pornography of other minor students in the gallery of SMITH's cellular phone. SMITH also communicated with them via Facebook.

63. SMITH engaged in a myriad of sexual acts with each victim, some of which were stored as conversations between SMITH and the minor victims on his cellular phone and Facebook account.[12]

64. SMITH regularly used his position as Hall Monitor and Track Coach to entice minor male students to leave their classrooms during school hours or after school and would engage in anal and oral sexual intercourse with the minor victims in classrooms or offices on CAHS' campus.[13]

65. SMITH threatened a minor male student with a taser and choked the male student to force him to submit to the SMITH's sexual desires.[14]

66. SMITH also took minor male students to various beach locations in St. Thomas using CAHS' official school van.[15] At these locations, SMITH engaged in anal and oral sexual intercourse with the minor male students and used his cellular phones and a CAHS camcorder to

---

[9] Sentencing Memo.
[10] Sentencing Memo.
[11] Sentencing Memo.
[12] Sentencing Memo.
[13] Sentencing Memo.
[14] Sentencing Memo.
[15] Sentencing Memo.

Case: 3:24-cv-00066    Document #: 1    Filed: 12/23/24    Page 11 of 46

DOE vs. GVI, VIDE, BOE, VIDHS, SMITH, EDWARDS, FEBRES, and ROES 1-20
VERIFIED COMPLAINT – D.V.I.
P. **11** of 46

record these sexual acts.[16]

67. While employed and supervised by the Defendants, SMITH engaged minor males in the production of child pornography.[17]

68. SMITH encouraged minors to produce child pornography and send it to him via Facebook messenger or otherwise.[18]

69. In several child pornography videos produced or directed by SMITH, an office or classroom at CAHS can be viewed in the background.[19]

70. In several child pornography videos produced or directed by SMITH, male students can be observed in their school uniforms.[20]

71. SMITH's victims, including the Plaintiff, were all under the age of 18 at the time SMITH coerced or persuaded them to engage in the sex acts.[21]

72. Starting in June 2015 and possibly before that, SMITH coerced and enticed minor males, including Plaintiff, not only to produce child pornography, but also to engage in various sexual acts, to include meeting him in school and other places to engage in acts of sodomy.[22]

73. At least as early as 2015 but possibly as far back as 2006, SMITH befriended minor students at the school and would use his Facebook account and text messenging to engage the minors in conversations of a sexual nature where he would encourage them to send sexual images of their erect penis or masturbating, and where he would reciprocate by sending the minors images of his erect penis or masturbating.[23]

---

[16] Sentencing Memo.
[17] Sentencing Memo.
[18] Sentencing Memo.
[19] Sentencing Memo.
[20] Sentencing Memo.
[21] Sentencing Memo.
[22] Sentencing Memo.
[23] Sentencing Memo.

Case: 3:24-cv-00066    Document #: 1    Filed: 12/23/24    Page 12 of 46

DOE vs. GVI, VIDE, BOE, VIDHS, SMITH, EDWARDS, FEBRES, and ROES 1-20
VERIFIED COMPLAINT – D.V.I.
P. **12** of 46

74. During these conversations, the SMITH would refer to the minor victims' penises by "pet" names as a means of enticement. SMITH then encouraged the minor victims to meet him for the purpose of engaging in sexual activity and was successful in engaging them in sexual activity or persuaded them to take sexually exploitive images of their erect penis or with the minors masturbating and transmit same to SMITH over the internet using instruments of interstate commerce. At the time of these transmissions and communications, the victims were all under the age of 18.[24]

75. SMITH also "transported minors for sexual activity," including the Plaintiff.[25]

76. SMITH communicated with minor CAHS students, including Plaintiff, over his cell phone and over Facebook and coerced them into engaging him in sexual activity.[26]

77. SMITH used the CAHS van, with the permission of Defendants, to transport the minor males, including Plaintiff, to the beach and other areas on St. Thomas for the purpose of having illegal sexual activity with them.[27] SMITH would transport minors from the school campus or from their homes.

78. Starting in January 2015, and possibly before that, SMITH communicated with minor students, including Plaintiff, via Facebook and via his cell phone and coerced the minor students to take and send images of their erect penises to him via the referenced mediums.[28]

79. Starting at least as early as January 2016, and possibly before that, SMITH anally raped on the minor victims.

80. SMITH recorded these sexual acts on his cell phone or on a CAHS camcorder[29] used with

---

[24] Sentencing Memo.
[25] Sentencing Memo.
[26] Sentencing Memo.
[27] Sentencing Memo.
[28] Sentencing Memo.
[29] Sentencing Memo.

Case: 3:24-cv-00066    Document #: 1    Filed: 12/23/24    Page 13 of 46
DOE vs. GVI, VIDE, BOE, VIDHS, SMITH, EDWARDS, FEBRES, and ROES 1-20
VERIFIED COMPLAINT – D.V.I.
P. **13** of 46

permission of Defendants.

81. SMITH used his position as hall monitor to call students out of class to engage in sexual activity with them on the school campus.[30]

82. Starting as early as January 2016, and possibly before that, SMITH met a minor victim while the minor was a student at CAHS.[31]

83. SMITH transported the minor to different areas on St. Thomas and engaged the minor in multiple acts of sodomy and other sexual activity.[32]

84. SMITH recorded these illegal sexual activities on his cell phone or on the victim's cell phone.[33]

85. SMITH used his positions of authority, particularly as a track coach, to touch and fondle the genital area of minors, including Plaintiff, who were members of the CAHS track team for the purpose of SMITH's sexual gratification.

86. SMITH would tell the minors that he knew how to grow their penis and at times would just gratuitously grab the minor's erect penises, including Plaintiff's.

87. SMITH accompanied his track team on an off-island track meet and then again on training at a local beach and used those occasions to have sexual contact with team members' genitalia for his sexual gratification, including Plaintiff.[34]

88. Some of this conduct occurred before February-March of 2019, was reported before February-March 2019, and Defendants knew about SMITH's conduct before February-March of 2019, when Plaintiff was assaulted.

89. At all times relevant hereto, Defendants knew SMITH was dangerous, and were

---

[30] Sentencing Memo.
[31] Sentencing Memo.
[32] Sentencing Memo.
[33] Sentencing Memo.
[34] Sentencing Memo.

Case: 3:24-cv-00066    Document #: 1    Filed: 12/23/24    Page 14 of 46

DOE vs. GVI, VIDE, BOE, VIDHS, SMITH, EDWARDS, FEBRES, and ROES 1-20
VERIFIED COMPLAINT – D.V.I.
P. **14** of 46

responsible for hiring, disciplining, retaining, directing, reviewing, monitoring, disciplining, and supervising SMITH, including when he assaulted and exploited Plaintiff and several male minor victims and CAHS students.

### B. Defendants Knew of 2018 Sexual Assault(s), Failed to Act

90. "Federal prosecutors confirmed school officials were notified at least twice that Bruce was touching and behaving inappropriately with students, but he was able to continue raping children for years before federal investigators acted on a report and finally put a stop to his crimes in 2021."[35]

91. Defendants had knowledge of SMITH's assault of other minor children in 2018, deliberated what to do about SMITH, met with SMITH, and knowingly and deliberately took no action to stop him.[36]

92. "At SMITH's sentencing…federal prosecutors said there was 'no change' after school officials received a report of sexual misconduct in 2018 and met with SMITH, and 'nothing happened,' after a parent complained to the then-principal [defendant EDWARDS] in 2019 following a separate instance of abuse."[37]

93. Then-principal [defendant EDWARDS][38] along with FEBRES, were among the Defendants and officials who failed to act according to local laws governing the mandated reporting of suspicions of child neglect or abuse.

---

[35] Suzanne Carlson, *Education: 'No official statement' on reports of staff suspension amid sex abuse probe*, VI Daily News, 12/3/2024, available at: https://www.virginislandsdailynews.com/news/education-no-official-statement-on-reports-of-staff-suspension-amid-sex-abuse-probe/article_48e95c7c-b102-11ef-952c-7fed7a8cd4ae.html.

[36] Carlson, *Education: No official statement*, *Id*.

[37] Carlson, *Education: No official statement*, *Id*.

[38] Virgin Islands News Online, *USVI: Mother of CAHS student breaks silence on Bruce SMITH abuse*, https://www.virginislandsnewsonline.com/en/news/usvi-mother-of-cahs-student-breaks-silence-on-bruce-smith-abuse.

### C. First Assault: Smith Assaults Plaintiff at CAHS Track Practice

94. SMITH first sexually and physically assaulted Plaintiff in February or March of 2019 at CAHS track practice, at the IEKHS track, another high school located on the eastern part of the island where CAHS track practices were held.

95. At this practice, SMITH choked Plaintiff in full view of other school officials, coaches, and agents of Defendants.

96. At this practice, SMITH grabbed and squeezed Plaintiff's neck and shoulders in full view of other school officials, coaches, and agents of Defendants.

97. At this practice, SMITH threatened Plaintiff in full view of other school officials, coaches, and agents of Defendants.

98. At this practice, SMITH made lewd, sexual comments to Plaintiff, including what he was going to do to Plaintiff when SMITH planned to make plaintiff stay in SMITH's "dorm" room on an upcoming trip, all in full view of other school officials, coaches, and agents of Defendants.

99. The CAHS track team had an upcoming school / team trip to Puerto Rico in March 2019, where the students and SMITH would be staying in "dormitory" rooms at the Interamerican University of Puerto Rico, San German campus. All references to a "dorm" room herein refer to the dormitory, hotel-room-like sleeping accommodations where the CAHS track team and SMITH stayed during the March 2019 Puerto Rico trip.

100. At this practice, SMITH grabbed, squeezed and fondled Plaintiff's genitalia in full view of other school officials, coaches, and agents of Defendants.

101. Defendants knew or should have known of this assault; it occurred in the open on a field during school track practice.

102. At the time SMITH assaulted plaintiff in February or March of 2019 at track practice, he first told plaintiff of SMITH and the Defendants' plan to force plaintiff to stay in SMITH's dorm

Case: 3:24-cv-00066    Document #: 1    Filed: 12/23/24    Page 16 of 46

DOE vs. GVI, VIDE, BOE, VIDHS, SMITH, EDWARDS, FEBRES, and ROES 1-20
VERIFIED COMPLAINT – D.V.I.
P. **16** of 46

room on the track team's trip to Puerto Rico so SMITH could further assault plaintiff, terrifying plaintiff.

103. After the assaults and threats of this day in February or March of 2019, plaintiff suffered fear and anxiety of SMITH and the track trip to Puerto Rico.

### D. Second Assault: Smith Tries to Force Plaintiff into his Bedroom

104. Sometime in February 2019, SMITH forced Plaintiff off of campus and attempted to force, threaten, and coerce Plaintiff into SMITH's home and into SMITH's bedroom. Plaintiff escaped and hid in a school van.

### E. Third Assault: Smith "Massages" Plaintiff's Legs

105. Four days before the March 2019 track trip to Puerto Rico, SMITH sexually assaulted Plaintiff for the third time.

106. Plaintiff had injured his hip, and SMITH ordered Plaintiff to let SMITH massage Plaintiff's legs in the back of the school van at track practice on St. Thomas.

107. The hip injury was a flimsy pretext for SMITH to assault Plaintiff with a "massage."

108. SMITH forcibly sexually assaulted Plaintiff, including by forcibly touching Plaintiff's legs, hips, and groin area, in the back of the school van at track practice.

109. Defendants knew or should have known about this and SMITH's other sexual assaults of minor children.

### F. Fourth Assault: Smith Assaults Plaintiff on School Trip

110. The fourth sexual assault occurred on a school trip to Puerto Rico in March of 2019, in which SMITH forced Plaintiff to share a dorm room with SMITH, over Plaintiff's mother's objection, all of which was known to Defendants.

111. When plaintiff learned of the Defendants' planned rooming assignments placing him in the same dorm room as SMITH, he complained to school officials including Defendants.

Case: 3:24-cv-00066    Document #: 1    Filed: 12/23/24    Page 17 of 46

DOE vs. GVI, VIDE, BOE, VIDHS, SMITH, EDWARDS, FEBRES, and ROES 1-20
VERIFIED COMPLAINT – D.V.I.
P. **17** of 46

112. Defendants failed to respond properly to Plaintiff's complaint about the rooming arrangements.

113. Defendants responded to Plaintiff's complaint with aggression, and Defendants called a meeting prior to the Puerto Rico trip, forcing Plaintiff to be in the same room with SMITH and air his concerns in front of his abuser.

114. Also present at this meeting were SMITH, the chaperones on the trip, a CAHS teacher, defendant FEBRES, and other agents of Defendants.

115. Plaintiff told the attendees at the meeting that he did not feel safe or comfortable being forced to stay in the same dorm room as SMITH.

116. SMITH was visibly angry at this meeting, in view of the other attendees and Defendants, and the other attendees did nothing to stop SMITH's intimidation of the Plaintiff for raising this issue.

117. Defendants and attendees at the meeting knew Plaintiff was in danger but no actions were taken.

118. The attendees and Defendants communicated to Plaintiff and his mother that since Plaintiff and his mother did not spend any money for the trip, Plaintiff had could not "call the shots."

119. Upon information and belief, Defendants knew about and agreed to allow SMITH to take male children to Puerto Rico and agreed to letting SMITH force plaintiff to stay in SMITH's dorm room, knowing that SMITH was dangerous and was going to assault children, including plaintiff.

120. Upon information and belief, Defendants knew that SMITH would likely abuse children on the track trip.[39]

---

[39] Virgin Islands News Online, *USVI: Mother of CAHS student breaks silence on Bruce SMITH abuse* ["*Mother Breaks Silence*"], https://www.virginislandsnewsonline.com/en/news/usvi-mother-of-cahs-student-breaks-silence-

Case: 3:24-cv-00066    Document #: 1    Filed: 12/23/24    Page 18 of 46

DOE vs. GVI, VIDE, BOE, VIDHS, SMITH, EDWARDS, FEBRES, and ROES 1-20
VERIFIED COMPLAINT – D.V.I.
P. **18** of 46

121. Plaintiff and his mother learned that Defendants and SMITH were forcing Plaintiff to share a dorm room alone with SMITH on the school trip.[40]

122. Defendants knew of and approved of SMITH's dorm and sleeping arrangements in advance of the trip.

123. Plaintiff and his mother questioned Defendants and SMITH about the rooming arrangements in advance of the trip.[41] SMITH, the longtime, entrenched track coach became indignant.[42] "He went on like a maniac," Plaintiff's mother recounted. "Then he was like, 'Oh no, no, no, no, he's gonna be okay, he's in good hands.'"[43]

124. The Plaintiff was definitely not in good hands. Defendants knew it, too.

125. The Defendants, with actual and constructive knowledge of SMITH's abuse, knowingly and deliberately approved of, sanctioned, and permitted this completely inappropriate dorm room arrangement wherein Plaintiff was trapped with SMITH, a known abuser.

126. Defendants did nothing, and plaintiff went on the track trip to Puerto Rico, where Defendants forced plaintiff to stay in SMITH's dorm room.

127. Predictably, once Plaintiff, a minor child, was trapped in the dorm room with SMITH, SMITH sexually assaulted Plaintiff.

128. Plaintiff ran from the room and called his mother, who reported the incident to school administrators, either EDWARDS, FEBRES, or one of ROES 1-20, who falsely promised they would speak with SMITH and address the situation.[44]

129. Upon information and belief, all Defendants knew of this report.

---

on-bruce-smith-abuse.

[40] Virgin Islands News Online, *Mother Breaks Silence*.

[41] Virgin Islands News Online, *Mother Breaks Silence*.

[42] Virgin Islands News Online, *Mother Breaks Silence*.

[43] Virgin Islands News Online, *Mother Breaks Silence*.

[44] Virgin Islands News Online, *Mother Breaks Silence*.

Case: 3:24-cv-00066    Document #: 1    Filed: 12/23/24    Page 19 of 46

DOE vs. GVI, VIDE, BOE, VIDHS, SMITH, EDWARDS, FEBRES, and ROES 1-20
VERIFIED COMPLAINT – D.V.I.
P. **19** of 46

130. Defendants failed to respond, and were deliberately indifferent to these reports by Plaintiff's mother and others, which caused plaintiff's assault and other damages.

131. Evidence in SMITH's criminal case established Defendants made it possible for SMITH to abuse the plaintiff during the Puerto Rico trip, failing to provide adequate "guardrails" within the public school system when it comes to students traveling off island with chaperones.[45]

132. After the Puerto Rico trip, SMITH contacted the plaintiff via a Facebook Messenger video call and SMITH warned Plaintiff not to tell anyone what happened.

### G. Smith Finally Arrested after Defendants Concealed his Conduct for Years

133. Because Defendants failed to adequately respond to reports of SMITH's abuse, Plaintiff's mother was forced to report the matter to Homeland Security Investigations, which was the only reason SMITH was arrested in September 2021, according to federal prosecutors,[46] and not because of anything Defendants did to stop SMITH.

134. On 9/13/2023, SMITH pleaded guilty to a 20-count indictment charging him with both federal and territorial child sexual exploitation offenses.[47]

135. On 4/26/2024, Chief Judge Robert A. Molloy, District Court of the Virgin Islands, sentenced SMITH to 35 years in prison, followed by a lifetime of supervised release.[48]

### H. Defendants' Notice, Actual Knowledge

136. Defendants knew about SMITH's abuse of minor students before and after Plaintiff was abused by SMITH, and Defendants deliberately turned a blind eye to it, which caused Plaintiff's

---

[45] WTJX, *SMITH gets 35 years.*

[46] Suzanne Carlson, *Education: 'No official statement' on reports of staff suspension amid sex abuse probe*, 12/3/2024. Available at https://www.virginislandsdailynews.com/news/education-no-official-statement-on-reports-of-staff-suspension-amid-sex-abuse-probe/article_48e95c7c-b102-11ef-952c-7fed7a8cd4ae.html.

[47] DOJ, *Former High School Coach Sentenced to 35 years on Child Exploitation Conviction*, https://www.justice.gov/usao-vi/pr/former-high-school-coach-sentenced-35-years-child-exploitation-conviction.

[48] *Id.*

Case: 3:24-cv-00066   Document #: 1   Filed: 12/23/24   Page 20 of 46

DOE vs. GVI, VIDE, BOE, VIDHS, SMITH, EDWARDS, FEBRES, and ROES 1-20
VERIFIED COMPLAINT – D.V.I.
P. **20** of 46

assault and harm.

137. The Defendants had actual *and* constructive notice of SMITH's abuse, assault, child pornography production, coercion, and other crimes and torts before Plaintiff was first assaulted, and as early as 2006.

138. Federal prosecutors say school officials (which include Defendants) were notified multiple times that Bruce was touching and behaving inappropriately with students, but he was able to continue raping children for years before federal investigators acted on a report and finally put a stop to his crimes in 2021.

139. Upon information and belief, these "school officials" included VIDE, GVI, BOE, VIDHS, EDWARDS, FEBRES, and ROES 1-20.

140. SMITH's abuse of Plaintiff begain in 2019, after Defendants had actual notice and reports of sexual misconduct in 2018.

141. Defendants had several opportunities to stop SMITH's abuse, and instead continued to knowingly and deliberately continue to allow him access to students to abuse.

142. At SMITH's sentencing, District Judge Robert Molloy recognized that "the community failed these kids," adding that "it's troubling how this was allowed to happen for 15 years."[49]

143. AUSA Potter, speaking for the federal prosecutors, observed that after Plaintiff's mother reported the assault to Defendants, "nothing happened." The government was especially "troubled that for 15 years this kind of conduct would be going on in school and no member of the administration did anything about it." AUSA Potter added "It is stunning…that these acts went unreported."[50]

---

[49] WTJX, *Alfredo Bruce SMITH gets 35 years in prison for raping boys, VIDE tight-lipped on investigation*, [hereinafter "*SMITH gets 35 years*"] https://newsfeed.wtjx.org/podcast/wtjx-newsfeed/2024-04-26/alfredo-bruce-smith-gets-35-years-in-prison-for-raping-boys-vide-tight-lipped-on-investigation.
[50] WTJX, *SMITH gets 35 years.*

Case: 3:24-cv-00066    Document #: 1    Filed: 12/23/24    Page 21 of 46

DOE vs. GVI, VIDE, BOE, VIDHS, SMITH, EDWARDS, FEBRES, and ROES 1-20
VERIFIED COMPLAINT – D.V.I.
P. **21** of 46

144. AUSA Natasha Baker, also representing the government at SMITH's sentencing, referred to evidence that in 2018, someone reported to the school that the defendant was seen with the school van at Magens Bay while a student was getting dressed.[51]

145. The evidence in SMITH's criminal case established that Defendants and school officials held a meeting about this 2018 incident, which was well before the 2019 assaults of the Plaintiff, but nothing changed.[52]

146. The evidence in SMITH's criminal case established that following the 2019 assault of Plaintiff in Puerto Rico during the track meet, nothing changed.[53]

147. The evidence in SMITH's criminal case established that someone personally reached out to SMITH after hearing allegations against him, but nothing changed.[54]

148. The evidence in SMITH's criminal case established that SMITH was able to continue sexually abusing boys with no fear even though the evidence showed people, including Defendants, were aware of his actions.[55]

149. "Sen. Marise James, in a letter to Attorney General Gordon C. Rhea and U.S. Attorney Delia SMITH, called for legal action against school administrators who were allegedly aware of the abuse but failed to report it. James stressed that 'parents, victims, and the public deserve answers and justice,' warning that the continued employment of these officials undermines public trust."[56]

---

[51] WTJX, *SMITH gets 35 years.*

[52] WTJX, *SMITH gets 35 years.*

[53] WTJX, *SMITH gets 35 years.*

[54] WTJX, *SMITH gets 35 years.*

[55] WTJX, *SMITH gets 35 years.*

[56] St. Thomas Source, *Special Investigation Launched Into Education Officials Over Alleged Reporting Failures in Bruce SMITH Case*, https://stthomassource.com/content/2024/12/02/special-investigation-launched-into-education-officials-over-alleged-reporting-failures-in-bruce-smith-case/.

Case: 3:24-cv-00066   Document #: 1   Filed: 12/23/24   Page 22 of 46

DOE vs. GVI, VIDE, BOE, VIDHS, SMITH, EDWARDS, FEBRES, and ROES 1-20
VERIFIED COMPLAINT – D.V.I.
P. **22** of 46

### I. Praed Report: Defendants' Failure to Train, Report Known Abuse; Fear of Reporting; Untrained to Identify Abuse

150. Defendant VIDHS commissioned a report and audit titled *A Systems Approach to Understanding Child Abuse Reporting within the Virgin Islands Public School System* [hereinafter the "Praed Report"],[57] conducted by the John Praed Foundation, reviewing the policies and procedures of defendants, including but not limited to VIDE, addressing the failures to report child abuse.[58]

151. The Praed Report "described a culture of silence and lack of clear procedures, with almost half of the staff surveyed saying they did not know the policy on reporting suspected child abuse."[59]

152. The Praed Report identified systemic challenges and identified several interrelated factors that contributed to the Defendants' failure to identify and report abuse and neglect within the Territory's schools.[60]

153. One critical finding was that the small, close-knit nature of the island community prevented officials and Defendants from reporting and addressing child abuse.[61]

154. Defendants and school officials admitted they had concerns over confidentiality and fear of retaliation.[62]

155. Additionally, a lack of formalized policies, inadequate classroom support, and limited

---

[57] *A Systems Approach to Understanding Child Abuse Reporting within the Virgin Islands Public School System - Final Report - March 2023* ["Praed Report"] available at https://vide.vi/documents/public-relations/3316-praed-foundation-vide-review-2023/file.html.

[58] GVI Press Release: *Administration Announces Release of Audit on Child Abuse Reporting Protocols in the Department of Education.* Available at https://www.vi.gov/administration-announces-release-of-audit-on-child-abuse-reporting-protocols-in-the-department-of-education/.

[59] Suzanne Carlson, *Education: 'No official statement' on reports of staff suspension amid sex abuse probe*, 12/3/2024. Available at https://www.virginislandsdailynews.com/news/education-no-official-statement-on-reports-of-staff-suspension-amid-sex-abuse-probe/article_48e95c7c-b102-11ef-952c-7fed7a8cd4ae.html.

[60] Praed Report; see also GVI Press Release: *Administration Announces Release of Audit. Id.*

[61] Praed Report; see also GVI Press Release: *Administration Announces Release of Audit. Id.*

[62] Praed Report; see also GVI Press Release: *Administration Announces Release of Audit. Id.*

Case: 3:24-cv-00066    Document #: 1    Filed: 12/23/24    Page 23 of 46

DOE vs. GVI, VIDE, BOE, VIDHS, SMITH, EDWARDS, FEBRES, and ROES 1-20
VERIFIED COMPLAINT – D.V.I.
P. **23** of 46

collaboration between defendants, including VIDE and VIDHS, were highlighted as challenges needing urgent attention.[63]

156. Failures by VIDHS and VIDE led to Defendants and school officials being unaware of what happens once a child abuse report is made.

157.  Failures by VIDHS and VIDE led to Defendants and school officials worrying if the referral was helpful or hurtful to the student.[64]

158. VIDE and DHS failed to have adequate staff, which created pressure within the systems, causing the failure to report and follow-through on child abuse.[65]

159. Defendants' failures led to school officials believing their reports of child abuse would not be held confidential, which led to a reluctance and failure to report known abuse.[66]

160. The Praed Report also found additional failures by defendants, including VIDE and VIDHS, included inefficient work design, inadequate classroom supports, and gaps in collaboration between VIDE and VIDHS.[67]

161. Defendants, including VIDE and VIDHS created barriers to surfacing concerns and protecting a child from abuse and neglect when it involved an influential community member or school colleague,[68] like SMITH.

### (1) PRAED REPORT STATISTICS

162. School officials and agents of defendants admitted:

    a.  16% admitted that when they reported abuse in the past, *nothing happened*.[69]

---

[63] Praed Report; see also GVI Press Release: *Administration Announces Release of Audit. Id.*
[64] Praed Report.
[65] Praed Report.
[66] Praed Report.
[67] Praed Report.
[68] Praed Report.
[69] Praed Report.

Case: 3:24-cv-00066    Document #: 1    Filed: 12/23/24    Page 24 of 46

DOE vs. GVI, VIDE, BOE, VIDHS, SMITH, EDWARDS, FEBRES, and ROES 1-20
VERIFIED COMPLAINT – D.V.I.
P. **24** of 46

    b.   8% admitted that *reporting child abuse is discouraged* at the school.[70]

    c.   42% admitted they were inadequately trained to identify signs of abuse.[71]

    d.   25% admitted that, when they were worried or knew a child was being hurt or abused, they did not know what to do to report the abuse.[72]

    e.   21% admitted that there were barriers to reporting child abuse at the schools.[73]

    f.   24% admitted that the fear of retaliation was a barrier to reporting child abuse.[74]

    g.   12% admitted they feared a colleague might get upset if they reported abuse,[75] which was a deterrent to reporting abuse.

    h.   Almost *half* the Defendants and school officials admitted they did not even know what the policy *was* for reporting child abuse.[76]

    i.   A third of school officials admitted that, at some point, they believed a child may have been abused but were unsure of what to do.[77]

## VI. DEFENDANTS ACTED IN COURSE & SCOPE OF EMPLOYMENT

163. At all times claimed herein, from 2006 onward, Defendants, including but not limited to SMITH, EDWARDS, and FEBRES, were acting in the course and scope of their employment and with the knowledge of the Defendants.

164. Defendants, including but not limited to SMITH, EDWARDS, FEBRES, and other

---

[70] Praed Report.

[71] Praed Report.

[72] Praed Report.

[73] Praed Report.

[74] Praed Report.

[75] Praed Report.

[76] Praed Report.

[77] Praed Report.

Case: 3:24-cv-00066    Document #: 1    Filed: 12/23/24    Page 25 of 46

DOE vs. GVI, VIDE, BOE, VIDHS, SMITH, EDWARDS, FEBRES, and ROES 1-20
VERIFIED COMPLAINT – D.V.I.
P. **25** of 46

Defendants who facilitated SMITH's conduct, acted within the scope of their employment.

165. The tortious conduct of Defendants, including but not limited to SMITH, EDWARDS, and FEBRES, was related to work assigned by the employer; and related to a course of conduct that is subject to the employer's control.

166. Defendants, including but not limited to SMITH, EDWARDS, and FEBRES, undertook a course of work-related conduct for the sole purpose of furthering the employee's interests.

167. The conduct of Defendants, including but not limited to SMITH, EDWARDS, and FEBRES, school officials and other Defendants was within the Defendant employers' effective control.

168. Defendants, including but not limited to SMITH, EDWARDS, and FEBRES's course of conduct was within or represented an escalation of conduct involved in performing assigned work or other conduct that an employer permitted or controlled.

169. BOE's actions enabling SMITH were official actions, including within the meaning of 3 V.I.C. §§ 97(h) and 98(b).

170. Defendants, including but not limited to SMITH, EDWARDS, and FEBRES, actually knew of plaintiff's sexual and other harassment and abuse.

171. The Defendants' response to such harassment was so clearly unreasonable in light of the known circumstances as to give rise to a reasonable inference that the Defendants intended for the harassment to occur.

172. Defendants had unconstitutional customs and policies of failing to investigate evidence of their employees' misconduct, sexual abuse and/or sexual harassment against students in the nature of violations of the right to personal security and bodily integrity, as well as the right be free from sexual misconduct and/or sexual abuse and/or sexual harassment, and failing to adequate supervise and train their employees with regard to maintaining, preserving and

Case: 3:24-cv-00066    Document #: 1    Filed: 12/23/24    Page 26 of 46

DOE vs. GVI, VIDE, BOE, VIDHS, SMITH, EDWARDS, FEBRES, and ROES 1-20
VERIFIED COMPLAINT – D.V.I.
P. **26** of 46

protecting students from violation of their right to personal security and bodily integrity.

173. Defendants, through their agents, employees, servants, and officers and other school district personnel, failed to put in place policies to adequately protect students from inappropriate conduct by teachers.

174. Defendants' failures, including their failure to implement adequate policies, were committed with deliberate and/or conscious disregard of substantial and/or unjustifiable risk of causing harm to plaintiffs and was so egregious as to shock the conscience.

175. Defendants were aware of the risk of constitutional violations and the alternatives to preventing such harm, but either deliberately chose not to pursue these alternatives or acquiesced in a longstanding policy or custom of inaction in this regard.

176. Defendant policymakers were aware of, and acquiesced in, a pattern of constitutional violations.

177. Defendants failed to act despite notice that Defendants' employees were continually violating citizens' rights, and there was a pattern of similar constitutional violations by untrained employees.

## COUNT ONE: TITLE IX – QUID PRO QUO HARASSMENT
### *John Doe vs. GVI, VIDE, BOE, VIDHS*

178. Plaintiff incorporates all other allegations in this Complaint as if fully restated herein at length, including all Title IX allegations.

179. Sexual harassment is a form of Title IX discrimination. *Davis ex rel. LaShonda D. v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629, 649–50, 119 S.Ct. 1661, 143 L.Ed.2d 839 (1999) (citations omitted). Education Amendments of 1972, § 901, 20 U.S.C.A. § 1681.

180. An administrator's sexual relationship with a high school student is a form of sexual harassment. *Gebser*, 524 U.S. 274, 118 S.Ct. 1989.

Case: 3:24-cv-00066    Document #: 1    Filed: 12/23/24    Page 27 of 46

DOE vs. GVI, VIDE, BOE, VIDHS, SMITH, EDWARDS, FEBRES, and ROES 1-20
VERIFIED COMPLAINT – D.V.I.
P. **27** of 46

181. "[A] school district can be held liable in damages in cases involving a teacher's sexual harassment of a student[.]" *Id.* at 281, 118 S.Ct. 1989 (*citing Franklin v. Gwinnett Cnty. Pub. Schs.*, 503 U.S. 60, 112 S.Ct. 1028, 117 L.Ed.2d 208 (1992)).

182. Defendants were federally funded recipients who were deliberately indifferent to sexual harassment, of which they had actual knowledge, and it was so severe, pervasive, and objectively offensive that it can be said to deprive the Plaintiff of access to the educational opportunities or benefits provided by the school.

183. A tangible educational action resulted from Plaintiff's refusal to submit to sexual demands.

184. Plaintiff was subject to unwelcome sexual conduct, and his reaction to that conduct was then used as the basis for decisions affecting his education.

185. Title IX encompasses sexual harassment of a student, allows recovery by victims of physical sexual abuse, and is enforceable through an implied private right of action for money damages against the school district.

186. Defendants engaged in a prohibited form of 'discrimination' under Title IX when they sexually harassed and abused Plaintiff and other students.

187. The Defendants GVI, VIDE, BOE, and VIDHS received federal funds within the meaning of Title IX and were "recipient entities" [hereinafter "recipient entities"].

188. Defendants GVI, VIDE, BOE, and VIDHS and their agents were "appropriate persons" within the meaning of Title IX [hereinafter "appropriate persons"].

189. Defendants as appropriate persons had notice and actual knowledge of facts indicating a substantial danger to students, discrimination, sexual harassment, and acted with deliberate indifference to that danger, foreseeably and actually causing the assault and sexual abuse of the plaintiff.

Case: 3:24-cv-00066    Document #: 1    Filed: 12/23/24    Page 28 of 46

DOE vs. GVI, VIDE, BOE, VIDHS, SMITH, EDWARDS, FEBRES, and ROES 1-20
VERIFIED COMPLAINT – D.V.I.
P. **28** of 46

190. Defendant appropriate persons were officials of the recipient entities with authority to supervise SMITH, to investigate a complaint of misconduct, and take corrective action to end the discrimination, and failed to do so, foreseeably and actually causing the assault and sexual abuse of the plaintiff.

191. The defendants and appropriate persons had the authority to initiate corrective measures such as reporting their findings to superiors or to the appropriate school board, and failed to do so.

192. Defendants and appropriate persons had actual authority to end the discrimination, failed to do so, and made official decisions not to remedy the abuse, foreseeably and actually causing the assault and sexual abuse of the plaintiff. See, e.g., Praed Report.

193. EDWARDS, as the school principal at CAHS, was one of the "appropriate persons" under Title IX.

194. FEBRES, as a teacher at CAHS, was one of the "appropriate persons" under Title IX.

195. Defendants and appropriate persons had actual knowledge of SMITH's sexual harassment and discrimination in the recipient entities' programs in advance of SMITH's repeated abuse of the plaintiff.

196. Despite the actual knowledge of SMITH's sexual harassment and discrimination in advance of SMITH's repeated abuse of th eplt, defendants were deliberately indifferent, and failed adequately to respond, foreseeably and actually causing plaintiff's abuse and harm.

197. Defendants failed to respond to the sexual harassment or abuse of students, including Plaintiff, in a manner that was clearly unreasonable in light of the known circumstances.

198. Plaintiff was excluded from participation in, and denied the benefits of, educational programs and/or activities as a result of the conduct described herein. 20 U.S.C. § 1681(a).

199. Plaintiff was subjected to discrimination under education programs and/or activities. 20

Case: 3:24-cv-00066    Document #: 1    Filed: 12/23/24    Page 29 of 46

DOE vs. GVI, VIDE, BOE, VIDHS, SMITH, EDWARDS, FEBRES, and ROES 1-20
VERIFIED COMPLAINT – D.V.I.
P. **29** of 46

U.S.C. § 1681(a).

200. The Defendants knew about severe or pervasive harassment and failed to immediately take steps to quell it.

201. The harassment was sufficiently severe and pervasive to create an abusive educational environment.

202. Plaintiff's educational environment was objectively hostile and abusive, permeated with discriminatory intimidation, ridicule, and insult sufficiently severe or pervasive to alter the conditions of his educational environment.

203. Plaintiff was a student, who was subjected to harassment by the defendants based upon sex.

204. A cognizable basis for institutional liability exists pursuant to the Education Amendments of 1972 § 901, 20 U.S.C.A. § 1681.

205. Defendants subjected plaintiff to unwelcome sexual advances.

206. Plaintiff's reaction to these advances affected tangible aspects of his education.

207. Defendants were appropriate persons at the educational institution who had actual notice of this harassment.

208. Defendants' institutional response amounted to deliberate indifference.

## COUNT TWO: TITLE IX - HOSTILE ENVIRONMENT
### *John Doe vs. GVI, VIDE, BOE, & VIDHS*

209. Plaintiff incorporates all other allegations in this Complaint as if fully restated herein at length.

210. Defendants GVI, VIDE, BOE, and VIDHS, on the basis of sex, excluded plaintiff from participation in, sexually harassed him, denied him the benefits of, and subjected him to discrimination under education programs and/or activities receiving Federal Financial

Case: 3:24-cv-00066    Document #: 1    Filed: 12/23/24    Page 30 of 46

DOE vs. GVI, VIDE, BOE, VIDHS, SMITH, EDWARDS, FEBRES, and ROES 1-20
VERIFIED COMPLAINT – D.V.I.
P. **30** of 46

Assistance, in violation of Title IX. 20 U.S.C. § 1681(a).

211. Defendants GVI, VIDE, BOE, and VIDHS received federal funds.

212. The Plaintiff was subjected to, and suffered, unwelcome harassment by Defendants.

213. The Defendants' harassment of Plaintiff was based on his sex.

214. The Defendants' conduct was severe or pervasive enough to change the conditions of Plaintiff's educational environment.

215. The plaintiff perceived the Defendants' academic, sports, and educational environment to be abusive or hostile and based on his sex.

216. A reasonable person in the plaintiff's circumstances would also consider the Defendants' environment to be abusive or hostile and based on his sex.

217. Defendants were appropriate persons at the educational institution who had actual notice of Plaintiff's sex-based harassment.

218. Defendants responded with deliberate indifference.

219. Defendants are liable for the actual, proximate, foreseeable harm suffered by Plaintiff as a result of Defendants' conduct.


## COUNT THREE: TITLE IX - DELIBERATE INDIFFERENCE
### *John Doe vs. GVI, VIDE, BOE, VIDHS*

220. Plaintiff incorporates all other allegations in this Complaint as if fully restated herein at length, including the Title IX allegations in the preceding Count(s).

221. Defendants GVI, VIDE, BOE, and VIDHS had actual knowledge of a heightened risk that was specific enough to allow defendants to remedy such a policy.

222. Defendants and appropriate persons with authority, had actual notice of sexual harassment or sexual assault by SMITH, both before and after plaintiff was sexually abused by SMITH.

Case: 3:24-cv-00066    Document #: 1    Filed: 12/23/24    Page 31 of 46

DOE vs. GVI, VIDE, BOE, VIDHS, SMITH, EDWARDS, FEBRES, and ROES 1-20
VERIFIED COMPLAINT – D.V.I.
P. **31** of 46

223. Notwithstanding such knowledge and notice, the defendants responded with deliberate indifference.

224. The defendants' deliberate indifference caused the plaintiff to undergo sexual harassment and abuse.

225. The defendants' deliberate indifference made the plaintiff vulnerable to sexual harassment and abuse.

226. The sexual harassment of plaintiff was so severe, pervasive, and objectively offensive that it effectively barred the victim's access to an education opportunity or benefit.

## COUNT FOUR: TITLE IX – FAILURE TO TRAIN
### *John Doe vs. GVI, VIDE, BOE, VIDHS*

227. Plaintiff incorporates all other allegations in this Complaint as if fully restated herein at length, including the Title IX allegations in the preceding Count(s).

228. Defendants failed to provide adequate training for employees and other school officials on compliance with Title IX, as evidenced in part by the Praed Report's findings.

229. Defendants are liable for an official policy of deliberate indifference to providing adequate training or guidance that was obviously necessary for implementation of a specific program or policy.

230. The obvious need is established by the defendants' knowledge of previous incidents.

231. The obvious need is established because the potential for such a violation was highly predictable.

232. The obvious need and obvious risk of assault by SMITH was established by multiple reports of sexual assault and harassment by SMITH, a known lack of oversight during track events and trips, specifically related to sex, and coach-student dorm room policies.

233. The obvious need and failure to train is established by the Praed Report's documented

Case: 3:24-cv-00066   Document #: 1   Filed: 12/23/24   Page 32 of 46

DOE vs. GVI, VIDE, BOE, VIDHS, SMITH, EDWARDS, FEBRES, and ROES 1-20
VERIFIED COMPLAINT – D.V.I.
P. **32** of 46

evidence of defendants' failure to train, school officials appropriate persons' fear of reporting, and inability to recognize abuse. See, Praed Report.

234. The obvious need and defendants' failure to train is further established by the evidence in the criminal case against SMITH that established that SMITH began abusing children and students as early as 2006, and that officials failed to properly respond to known reports.

235. The training that is and was obviously needed is established by the Praed Report.

236. Defendants had specific knowledge of the heightened risks of abuse and harassment.

237. Defendants had actual notice that their policies and responses to sexual harassment were deficient, and defendants subsequently failed to remedy the deficiencies.

238. Defendants failed to train their employees concerning a clear constitutional duty implicated in recurrent situations that a particular employee is certain to face.

239. Defendants had training deficiencies which had a causal nexus to Plaintiff's injuries and demonstrate that the lack of training reflects deliberate indifference to constitutional rights.

240. In light of the duties assigned to the relevant employees, the need for more or different training was so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the Defendant policymakers can reasonably be said to have been deliberately indifferent to the need.

241. Defendants' deliberate indifference stemmed from government inaction, namely Defendants' failure to train its employees on avoiding constitutional violations.

242. Defendants' failure to train or supervise employees is deliberate indifference because the failure caused a pattern of violations.

243. Defendants sanctioned specific programs, including a trip to Puerto Rico in which SMITH was allowed to force minor students to stay in his dorm room that, without proper control, would encourage sexual harassment and abuse such that the need for training or

Case: 3:24-cv-00066    Document #: 1    Filed: 12/23/24    Page 33 of 46

DOE vs. GVI, VIDE, BOE, VIDHS, SMITH, EDWARDS, FEBRES, and ROES 1-20
VERIFIED COMPLAINT – D.V.I.
P. **33** of 46

guidance is obvious.

## COUNT FIVE: TITLE IX - RETALIATION
### *John Doe vs. GVI, VIDE, BOE, VIDHS*

244. Plaintiff incorporates all other allegations in this Complaint as if fully restated herein at length, including the Title IX allegations in the preceding Count(s).

245. Plaintiff complained about sex abuse, harassment, and discrimination by defendants including SMITH to Defendants, including but not limited to SMITH, EDWARDS, and FEBRES.

246. Defendants retaliated against Plaintiff and SMITH's other minor victims because they complained about sex abuse, harassment, and discrimination.

247. Plaintiff and other minor victims of SMITH engaged in protected activity under Title IX, including reporting and speaking about SMITH's abuse.

248. Defendants had knowledge of the protected activity.

249. Defendants intentionally took adverse school-related actions against Plaintiff.

250. There was a causal connection between the protected activity and the adverse action.

251. Defendants engaged in intentional conduct aimed at inflicting injury or harm taken because of plaintiff's complaint about a perceived form of prohibited conduct.

252. There was an unusually suggestive temporal proximity between the protected activity and the retaliatory action.

253. There was also a pattern of antagonism coupled with timing to establish a causal link.

## COUNT SIX: 42 U.S.C. § 1983 – BODILY INTEGRITY
### *John Doe vs. All Defendants*

254. Plaintiff incorporates all other allegations in this Complaint as if fully restated herein at length, including all other 42 U.S.C. § 1983 allegations.

Case: 3:24-cv-00066    Document #: 1    Filed: 12/23/24    Page 34 of 46

DOE vs. GVI, VIDE, BOE, VIDHS, SMITH, EDWARDS, FEBRES, and ROES 1-20
VERIFIED COMPLAINT – D.V.I.
P. **34** of 46

255. Section 1983 imposes liability on Defendant state actors who caused the deprivation of rights, privileges, or immunities secured by the Constitution, including a Fourteenth Amendment substantive due process right against Defendant state actors' conduct that deprived Plaintiff of bodily integrity.

256. Accordingly, the herein-described state actions that resulted in sexual abuse of children like the Plaintiff are actionable under § 1983.

257. Defendants adopted and maintained a practice, custom or policy of reckless indifference to instances of known or suspected sexual abuse of students by teachers.

258. Defendants were state actors, acting under color of state law and deprived plaintiff of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983.

259. Plaintiff's 14th Amendment Due Process Claims are brought pursuant to 42 U.S.C. § 1983.

260. Defendants acted in violation of the 14th Amendment by depriving the plaintiff "of life, liberty, or property without due process of law."

261. By permitting plaintiff's sexual assault or molestation by a school coach, defendants violated plaintiff's liberty interests implicating 14th Amendment protection, and his substantive and fundamental due process right to bodily integrity.

262. Defendants violated plaintiff's constitutionally protected due process right, as a public school child, not to be sexually abused by school employees at school.

263. Defendants' conduct concerning plaintiff's 14th Amendment Due Process liberty interest was so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.

264. Defendants violated plaintiff's right to bodily integrity, which included the right to be free from sexual abuse and invasion of personal security through sexual abuse.

265. Defendants through their policymaking officials, maintained and endorsed policies and

Case: 3:24-cv-00066    Document #: 1    Filed: 12/23/24    Page 35 of 46

DOE vs. GVI, VIDE, BOE, VIDHS, SMITH, EDWARDS, FEBRES, and ROES 1-20
VERIFIED COMPLAINT – D.V.I.
P. **35** of 46

practices that resulted in violations of plaintiff's constitutional rights.

266. Defendants' conduct violated Plaintiff's clearly established statutory or constitutional rights of which a reasonable person would have known, as described herein and above.

## COUNT SEVEN: 42 U.S.C. § 1983 – EQUAL PROTECTION
### *John Doe vs. All Defendants*

267. Plaintiff incorporates all other allegations in this Complaint as if fully restated herein at length, including all other 42 U.S.C. § 1983 allegations.

268. The sexual and other harassment of Plaintiff by public officials in an educational setting violated the Equal Protection Clause of the 14th Amendment and is cognizable under 42 U.S.C. § 1983.

269. Plaintiff's harassment by SMITH and Defendants was based on the plaintiff's sex, and sufficiently severe or pervasive to interfere unreasonably with the plaintiff's educational activities.

270. Plaintiff received different treatment by defendants from that received by other individuals similarly situated.

271. As a male, black, minor child Plaintiff was a member of several protected classes.

272. Plaintiff was similarly situated to members of an unprotected class.

273. Defendants treated plaintiff differently from members of the unprotected class.

274. Defendants' different treatment of Plaintiff was purposefully discriminatory.

275. Defendants' different treatment of Plaintiff actually, proximately, and foreseeably caused Plaintiff's harm.

## COUNT EIGHT: 42 U.S.C. § 1983 – FAILURE TO TRAIN
### *John Doe vs. All Defendants*

276. Plaintiff incorporates all other allegations in this Complaint as if fully restated herein at

Case: 3:24-cv-00066    Document #: 1    Filed: 12/23/24    Page 36 of 46

DOE vs. GVI, VIDE, BOE, VIDHS, SMITH, EDWARDS, FEBRES, and ROES 1-20
VERIFIED COMPLAINT – D.V.I.
P. **36** of 46

length, including all other 42 U.S.C. § 1983 allegations.

277. Defendants failed to properly train and supervise their teachers, administrators, officers, agents, and/or employees regarding how to protect their students from sexual abuse by a teacher.

278. Defendants failed to properly train and supervise their staff as to mandated investigative requirements, including the following:

  a.  failing to take immediate and appropriate action to investigate or otherwise determine what occurred once informed of possible sexual violence;

  b.  failing to take prompt and effective steps to end the sexual violence, prevent its recurrence, and address its effects; and

  c.  failing to take steps to protect the plaintiff and other minor students as necessary.

279. Defendants' failure to provide proper and adequate training to their teachers, administrators, officers, agents, and employees constituted a deliberate indifference to the presence of an excessive risk of danger to the health, welfare, and safety of the students of defendants, including Plaintiff.

280. Plaintiff also alleges that Defendants failed to properly train their teachers and failed to supervise their teachers to prevent the known and pervasive sexual abuse and harassment that they and other male students were subjected to by SMITH.

281. The violation of Plaintiff's federally protected rights resulted from the enforcement of a "policy" or "custom" of the local government.

282. Defendants were decisionmakers possessing final authority to establish policy and issued a policy or edict that caused Plaintiff's harm.

283. Individual Defendants, including but not limited to SMITH, EDWARDS, and FEBRES, as executive policymakers made isolated decisions causing Plaintiff's harm.

Case: 3:24-cv-00066    Document #: 1    Filed: 12/23/24    Page 37 of 46

DOE vs. GVI, VIDE, BOE, VIDHS, SMITH, EDWARDS, FEBRES, and ROES 1-20
VERIFIED COMPLAINT – D.V.I.
P. **37** of 46

284. The Defendants' course of conduct was 'custom' because their practices were so permanent and well settled as to virtually constitute law.

285. There was a "direct causal link" between the municipal policy or custom and the violation of Plaintiff's constitutional rights.

286. Defendants had in place a policy or custom that actually caused the violations of Plaintiff's constitutional rights.

287. Defendants were the "moving force" behind the Plaintiff's injury.

### COUNT NINE: 42 U.S.C. § 1983 – STATE-CREATED DANGER
*John Doe vs. All Defendants*

288. Plaintiff incorporates all other allegations in this Complaint as if fully restated herein at length, including all other 42 U.S.C. § 1983 allegations.

289. Defendants were state actors who created or increased the risk of private danger to Plaintiff, and did so directly through affirmative acts, not merely through inaction or omission.

290. Defendants are liable to Plaintiff for their own state-created danger.

### COUNT TEN: 42 U.S.C. § 1983 CONSPIRACY
*John Doe vs. All Defendants*

291. Plaintiff incorporates all other allegations in this Complaint as if fully restated herein at length.

292. Defendants deprived the Plaintiff of rights secured by the Constitution and laws of the United States.

293. Defendants agreed to deprive Plaintiff of rights secured by the Constitution and laws of the United States.

294. Defendants' overt acts in furtherance of this and other conspiracies, included, but were not limited to, protecting teachers like SMITH, letting SMITH continue to abuse children,

Case: 3:24-cv-00066    Document #: 1    Filed: 12/23/24    Page 38 of 46

DOE vs. GVI, VIDE, BOE, VIDHS, SMITH, EDWARDS, FEBRES, and ROES 1-20
VERIFIED COMPLAINT – D.V.I.
P. **38** of 46

concealing SMITH's activities, letting SMITH use CAHS equipment, cameras, and vehicles to commit his sexual assaults, denying SMITH's assaults and dangerous conduct, convincing plaintiff and his mother that they were wrong about SMITH, when defendants knew Plaintiff and his mother were right about SMITH, failing to terminate SMITH, failing to report SMITH's abuse despite statutory and other duties to do so, and other overt acts described herein; facilitating SMITH making Plaintiff stay in his dorm room in Puerto Rico where defendants knew SMITH would assault the Plaintiff.

295. Defendants deprived the Plaintiff of these constitutional rights while acting under color of law.

## COUNT ELEVEN: 42 U.S.C. § 1985(3) CONSPIRACY
### *John Doe vs. All Defendants*

296. Plaintiff incorporates all other allegations in this Complaint as if fully restated herein at length.

297. Defendants engaged in a conspiracy motivated by a sex or class based discriminatory animus designed to deprive, directly or indirectly, the Plaintiff and minor students at CAHS, the equal protection of the laws.

298. Plaintiff was a member of class(es) as a minor, male, student, athlete at CAHS.

299. There was a meeting of the minds and a concerted action by Defendants.

300. Defendants engaged in acts in furtherance of the conspiracy described herein and above.

301. As a result, Plaintiff suffered injury to person or property or the deprivation of any right or privilege of a citizen of the United States.

## COUNT TWELVE: 42 U.S.C. § 1986 CONSPIRACY
### *John Doe vs. All Defendants*

302. Plaintiff incorporates all other allegations in this Complaint as if fully restated herein at

Case: 3:24-cv-00066   Document #: 1   Filed: 12/23/24   Page 39 of 46

DOE vs. GVI, VIDE, BOE, VIDHS, SMITH, EDWARDS, FEBRES, and ROES 1-20
VERIFIED COMPLAINT – D.V.I.
P. **39** of 46

length.

303. Defendants had actual knowledge of a § 1985 conspiracy.

304. Defendants had the power to prevent or aid in preventing the commission of a § 1985 violation.

305. Defendants neglected or refused to prevent a § 1985 conspiracy.

306. Wrongful acts were committed against the Plaintiff as a result.

## COUNT THIRTEEN: TVPRA, 18 U.S.C. §§ 1591, 1595
### *John Doe vs. All Defendants*

307. Plaintiff incorporates all other allegations in this Complaint as if fully restated herein at length.

308. Defendants conspired to violate and did violate the Trafficking Victims Protection Act ["TVPA"] 18 U.S.C. §§ 1591(a), *et seq*.

309. Defendants knowingly, in or affecting interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States, recruited, enticed, harbored, transported, provided, obtained, maintained, patronized, or solicited the plaintiff. 18 U.S.C. §§ 1591(a), 1595(a).

310. Defendants benefited, financially or by receiving anything of value, from participation in a sex trafficking venture described herein and above. 18 U.S.C. §§ 1591(a), 1595(a).

311. Defendants knew and were in reckless disregard of the fact, that means of force, threats of force, fraud, coercion or any combination of such means were and would be used to cause the plaintiff and other children to engage in a commercial sex act. 18 U.S.C. §§ 1591(a), 1595(a).

312. Defendants knew that the plaintiff and other children had not attained the age of 18 years and were be caused to engage in a commercial sex act. 18 U.S.C. §§ 1591(a), 1595(a).

313. Plaintiff is a victim of a violation of 18 U.S.C. §§ 1581–1597, bringing this claim against

Case: 3:24-cv-00066 Document #: 1 Filed: 12/23/24 Page 40 of 46

DOE vs. GVI, VIDE, BOE, VIDHS, SMITH, EDWARDS, FEBRES, and ROES 1-20
VERIFIED COMPLAINT – D.V.I.
P. **40** of 46

Defendants, who are "perpetrators" and/or entities who knowingly benefited from participation in a venture which defendants knew or should have known engaged in a qualifying offense.

314. SMITH and other Defendants forced Plaintiff to perform sex work, produce child pornography, and other labor under the threat of coercion.

315. SMITH and other Defendants paid Plaintiff and other victims for commercial sex acts by giving them things of value, gifts including shoes, and buying them food in return for sex acts.

316. SMITH and other Defendants forced Plaintiff into commercial sex acts through force, threat of fact, or fraud.

317. SMITH and other Defendants propositioned Plaintiff for sex in exchange for something of value or threat of serious harm.

318. Defendants knowingly benefited from participating in a venture that violated the TVPA as to plaintiff with constructive or actual knowledge that the venture violated the TVPA as to the plaintiff.

319. Defendants' knowing benefits included job security, avoiding public controversy, not risking their jobs by complaining about SMITH, and continuing to be paid and employed.

## COUNT FOURTEEN: CIVIL CONSPIRACY
### *John Doe vs. All Defendants*

320. Plaintiff incorporates all other allegations in this Complaint as if fully restated herein at length.

321. Long before plaintiff was assaulted by SMITH, and thereafter, Defendants agreed among themselves that they would faciliate SMITH's abuse of children.

322. Defendants agreed that, even though they knew that SMITH was assaulting students, they would permit SMITH to continue doing so, allow SMITH to continue using government vehicles and camcorders to do so, allow SMITH to force plaintiff to stay in his dorm room on a

Case: 3:24-cv-00066    Document #: 1    Filed: 12/23/24    Page 41 of 46
DOE vs. GVI, VIDE, BOE, VIDHS, SMITH, EDWARDS, FEBRES, and ROES 1-20
VERIFIED COMPLAINT – D.V.I.
P. **41** of 46

school trip, ignore and cover up reports of abuse by SMITH; discourage others from reporting on SMITH's abuse.

323. The benefits to defendants in agreeing and conspiring to allow SMITH to keep assaulting children included avoiding their own public embarassment, avoiding possible criminal investigation, avoiding controversy, and avoiding upsetting a firmly-entrenched and influential coach and his supporters.

324. Harm resulted to Plaintiff from the tortious conduct of Defendants.

325. Defendants committed tortious acts in concert with others, including other Defendants, or pursuant to a common design with Defendants.

326. Defendants agreed to perform an unlawful act, including but not limited to abusing and permitting the abuse of Plaintiff and others, and covering up that abuse.

327. Defendants agreed to perform a lawful act by unlawful means, including but not limited to abusing and permitting the abuse of Plaintiff and others, and covering up that abuse.

328. Defendants' above-described agreements to perform tortious, unlawful, and/or lawful acts by unlawful means, directly, actually, foreseeably, and proximately caused damage to the Plaintiff.

## COUNT FIFTEEN: CIVIL ASSAULT
### *John Doe vs. All Defendants*

329. Plaintiff incorporates all other allegations in this Complaint as if fully restated herein at length.

330. Defendants including SMITH acted intending to cause harmful or offensive contact with the Plaintiff, or imminent apprehension of such contact, including rape and sexual assault.

331. The Plaintiff was, as a direct and foreseeable consequence, thereby put in such imminent apprehension of harmful and offensive contact.

Case: 3:24-cv-00066    Document #: 1    Filed: 12/23/24    Page 42 of 46
DOE vs. GVI, VIDE, BOE, VIDHS, SMITH, EDWARDS, FEBRES, and ROES 1-20
VERIFIED COMPLAINT – D.V.I.
P. **42** of 46

## COUNT SIXTEEN: CIVIL BATTERY
### *John Doe vs. All Defendants*

332. Plaintiff incorporates all other allegations in this Complaint as if fully restated herein at length.

333. Defendants including SMITH acted with an intent to commit harmful or offensive contact with Plaintiff, or imminent apprehension of such contact, and the offensive contact with Plaintiff directly or indirectly resulted, including sexual assault and physical assault.

## COUNT SEVENTEEN: NEGLIGENCE
### *John Doe vs. All Defendants*

334. Plaintiff incorporates all other allegations in this Complaint as if fully restated herein at length.

335. Defendants owed numerous statutory, common law, laws governing the mandated reporting of suspicions of child neglect or abuse, and other duties to the Plaintiff as a minor child and a student at CAHS, including, but not limited to, the duty to protect Plaintiff, to report abuse of Plaintiff by a school employee, to supervise SMITH and the officials who caused Plaintiff's harm; to properly hire teachers who would not abuse students; to have a responsible reporting procedure for abuse; to terminate teachers like SMITH for whom there were credible reports of abuse; to process reports of abuse properly; to listen to students and their parents when they reported abuse.

336. Defendants' breaches of their duties to plaintiff include, but are not limited to their failures to:

  a.  Hire coaches that would not sexually abuse students;
  b.  Fire coaches that sexually abused students;
  c.  Supervise coaches to avoid their sexual abuse of students;
  d.  Discipline or terminate coaches that they knew sexually abused students;
  e.  Investigate reports of SMITH's sexual abuse of students;

Case: 3:24-cv-00066   Document #: 1   Filed: 12/23/24   Page 43 of 46

DOE vs. GVI, VIDE, BOE, VIDHS, SMITH, EDWARDS, FEBRES, and ROES 1-20
VERIFIED COMPLAINT – D.V.I.
P. **43** of 46

  f. Report SMITH's known or suspected sexual abuse;

  g. Train, supervise, discipline, monitor, and/or terminate SMITH;

  h. Train others to recognize and report sexual abuse;

  i. Listen to Plaintiff's valid complaints, reports, and concerns that he was being abused;

  j. Create and maintain safe policies that avoided the harm that befell plaintiff;

  k. Have school trip policies and procedures that avoided SMITH forcing plaintiff to stay in his room;

  l. Listen to complaints from parents and students, including plaintiff and his mother;

  m. Permitting Plaintiff and other minor children to be sexually abused and assaulted;

  n. Follow the required reporting laws;

337. Defendants breached these and other duties as to the Plaintiff.

338. Defendants' aforesaid breaches actually caused Plaintiff damages.

339. Defendants' aforesaid breaches foreseeably and proximately caused Plaintiff damages.

## COUNT EIGHTEEN: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### *John Doe vs. All Defendants*

340. Plaintiff incorporates all other allegations in this Complaint as if fully restated herein at length.

341. Defendants' conduct foreseeably and actually causing Plaintiff's harm was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society.

342. Defendants' aforesaid conduct actually and foreseeably caused the Plaintiff to suffer severe emotional distress and physical harm.

Case: 3:24-cv-00066     Document #: 1     Filed: 12/23/24     Page 44 of 46

DOE vs. GVI, VIDE, BOE, VIDHS, SMITH, EDWARDS, FEBRES, and ROES 1-20
VERIFIED COMPLAINT – D.V.I.
P. **44** of 46

## COUNT NINETEEN: RECKLESS INFLICTION OF EMOTIONAL DISTRESS
### *John Doe vs. All Defendants*

343. Plaintiff incorporates all other allegations in this Complaint as if fully restated herein at length.

344. Defendants recklessly engaged in extreme and outrageous conduct that exceeds all possible bounds of decency such that it is regarded as atrocious and utterly intolerable in a civilized society.

345. Defendants' aforesaid conduct actually and foreseeably caused the Plaintiff to suffer fear, severe emotional distress and physical harm, as well as reputational injury.

## JURY TRIAL DEMANDED

346. Plaintiff demands a trial by jury as to all issues so triable.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully demands a jury trial on issues so triable, and demands that judgment be entered in favor of Plaintiff and against Defendants, and that Plaintiff be awarded the following:

*First:* ............ Damages for past and future pain and suffering;

*Second:* ......... Damages for past and future psychological and mental health treatment;

*Third:* ........... Compensatory damages

*Fourth:* ......... Incidental Damages

*Fifth:* ............ Interest;

*Sixth:* ............ Statutory damages;

*Seventh:* ........ Actual damages;

*Eighth:* .......... Special, economic, or consequential damages;

*Ninth:* ........... Punitive or exemplary damages;

*Tenth:* ........... All damages allowable by law;

*Eleventh:* ....... Costs, fees and expenses;

*Twelfth:* ........ Such and other further relief as this Honorable Court deems appropriate and just.

Dated <u>December 19, 2024</u>

By: Daniel L. Cevallos, Esq.
CEVALLOS & WONG LLP
61 Broadway, Suite 2220
New York, NY 10280
917.699.5008
Danny@CevallosWong.com

DOE vs. GVI, VIDE, BOE, VIDHS, SMITH, EDWARDS, FEBRES, and ROES 1-20
VERIFIED COMPLAINT – D.V.I.
P. **46** of 46

## VERIFICATION

███████████████ being duly sworn, deposes and says:

I am the Plaintiff JOHN DOE in the above-entitled Verified Complaint, to be filed in the District Court of the Virgin Islands. I have read the foregoing Verified Complaint and know the contents thereof. The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters I believe them to be true.

Sworn to me before this _19th_
day of _December_, 2024

NOTARY PUBLIC

CEVALLOS & WONG LLP