IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | | |
|---|---|---|
| JOHN DOE, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 3:24-cv-00066** |
| | ) | |
| VIRGIN ISLANDS DEPARTMENT OF | ) | |
| EDUCATION; VIRGIN ISLANDS BOARD OF | ) | |
| EDUCATION; GOVERNMENT OF THE | ) | |
| VIRGIN ISLANDS; VIRGIN ISLANDS | ) | |
| DEPARTMENT OF HUMAN SERVICES; | ) | |
| ALFREDO BRUCE SMITH; ALCEDE | ) | |
| EDWARDS; CAMELIA FEBRES; APRIL | ) | |
| PETRUS; and RICHARD ROES 1-20, | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## ORDER

**THIS MATTER** came before the Court for a hearing on all pending motions held on March 26, 2026.  The following motions remained pending:

1. Defendant Alcede Edwards' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6), filed on May 5, 2025. ECF No. 43.
2. Plaintiff's Cross-Motion to Conditionally Amend FAC, ECF No. 47, filed on May 19, 2025. ECF No. 47.
3. Defendant Virgin Islands Board of Education's Motion to Dismiss Plaintiff's First Amended Complaint, filed on May 29, 2025. ECF No. 56.
4. Plaintiff's Cross-Motion, filed on June 12, 2025. ECF No. 63.
5. Defendants Government of the Virgin Islands, Department of Education, and Department of Human Services' Motion to Dismiss, filed on June 30, 2025. ECF No. 67.

For the reasons stated on the record and memorialized below, the Court will grant in part and deny in part the motions of Defendants Alcede Edwards and the Government of the Virgin Islands. The Court will also grant Defendant BOE's motion. Notwithstanding the dismissal of some of Plaintiffs claims, for those claims dismissed without prejudice, the Court

*Doe v. Virgin Islands Dep't of Ed. et al.*
Case No. 3:24-cv-0066
Order
Page 2 of 5

will grant Plaintiff's motions to amend to allow Plaintiff to replead certain claims to allege specific facts to support the elements of those claims consistent with this order.

**A. Defendant Alcede Edwards' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 43)**

As explained during the hearing, based upon the holding of *Chancellor v. Pottsgrove Sch. Dist.*, 501 F. Supp. 2d 695 (E.D. Pa. 2007), the Court will deny Defendant Edwards's motion as to Counts 8-11. In *Chancellor*, a case with similar facts to those in the matter at bar, the court cited with approval the "test to determine whether the teacher's supervisor could be liable under § 1983" outlined in *Doe v. Taylor Ind. Sch. Dist.*, 15 F.3d 443 (5th Cir. 1994).[1] *See Chancellor*, 501 F. Supp. 2d at 709.

Because Plaintiff fails to allege sufficient facts regarding whether Defendant Edwards was in a supervisory position at the time of the alleged assaults, the Court will grant the motion as to Counts 12-15. Such dismissal will be without prejudice.

Further, the Court finds that Count 17, alleging civil conspiracy against all Defendants, fails to allege a plausible claim. The Third Circuit Court of Appeals has established that:

> [t]he elements of a claim of conspiracy to violate federal civil rights are that "(1) two or more persons conspire to deprive any person of [constitutional rights]; (2) one or more of the conspirators performs . . . any overt act in furtherance of the conspiracy; and (3) that overt act injures the plaintiff in his person or property or deprives the plaintiff of any right or privilege of a citizen of the United States," with the added gloss under § 1983 that "the conspirators act 'under the color of state law.'"

---

[1] As quoted by the *Chancellor* court:

> A supervisory school official can be held personally liable for a subordinate's violation of an elementary or secondary school students constitutional right to bodily integrity in physical sexual abuse cases if the plaintiff establishes that:
>
> (1) the defendant learned of facts or a pattern of inappropriate sexual behavior by a subordinate pointing plainly toward the conclusion that the subordinate was sexually abusing the student; and
>
> (2) the defendant demonstrated deliberate indifference toward the constitutional rights of the student by failing to take action that was obviously necessary to prevent or stop the abuse; and
>
> (3) such failure caused a constitutional injury to the student.
>
> *Doe v. Taylor Ind. Sch. Dist.*, 15 F.3d 443, 454 (5th Cir. 1994) (en banc) . . . .

*Chancellor*, 501 F. Supp. 2d. at 709.

*Doe v. Virgin Islands Dep't of Ed. et al.*
Case No. 3:24-cv-0066
Order
Page 3 of 5

*Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 294 n.15 (3d Cir. 2018) (quoting *Barnes Foundation v. Township of Lower Merion*, 242 F.3d 151, 162 (3d Cir. 2001) (quoting 42 U.S.C. § 1983)). Plaintiff's First Amended Complaint does not identify which Defendants or when said Defendants "'reached an understanding' to deprive him of his constitutional rights." *Jutrowski*, 904 F.3d at 294 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, -150-52 (1970)). Nor does Plaintiff "'provide some factual basis to support the existence of the elements of a conspiracy: agreement and concerted action.'" *Jutrowski*, 904 F.3d at 295 (quoting *Capogrosso v. Supreme Court of N.J.*, 588 F.3d 180, 184-85 (3d Cir. 2009) (citing *Crabtree v. Muchmore*, 904 F.2d 1475, 1481 (10th Cir. 1990))). Consequently, the Court will dismiss, without prejudice, Count 17 as to all Defendants. Plaintiff will be allowed to amend his First Amended Complaint to allege sufficient facts in support of said claim.

**B. Defendant Board of Education's Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 56)**

Despite Defendant Virgin Islands Board of Education's assertion at the hearing that it is an agency of the Virgin Islands government and cannot be sued as a separate entity, this argument was not included in said Defendant's motion. At the same time, the Court finds that Plaintiff's allegations concerning the Board of Education are conclusory and, thus, are not entitled to the assumption of the truth for purposes of a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). As more fully set forth on the record, the Court will grant said Defendant's motion and dismiss all counts of Plaintiff's First Amended Complaint asserted against said Defendant, but such dismissal will be without prejudice, allowing Plaintiff an opportunity to cure the deficiencies identified by the Court.

**C. Defendants Government of the Virgin Islands, Department of Education, and Department of Human Services's Motion to Dismiss (ECF No. 67)[2]**

---

[2] As noted in said Defendants' motion and acknowledged by the Court, Defendants Virgin Islands Department of Education and Department of Human Services are agencies of the Government of the Virgin Islands and cannot be sued separate and apart from the government. As the Government of the Virgin Islands also is named as a defendant, the naming of the agencies in the caption and throughout the complaint is a non-issue. For purposes of simplicity, all references to the Government of the Virgin Islands, herein, will include the agency Defendants.

*Doe v. Virgin Islands Dep't of Ed. et al.*
Case No. 3:24-cv-0066
Order
Page 4 of 5

It is well established that the "Government of the Virgin Islands, its agencies, and its employees sued in their official capacities are not 'persons' under 42 U.S.C. § 1983." *Tobal v. V.I. Police Dep't*, Civil Action No. 2010-0062, 2022 U.S. Dist. LEXIS 6767, at *33 (D.V.I. Jan. 13, 2022) (citing *McCauley v. Univ. of the V.I.*, 618 F.3d 232, 240, 54 V.I. 849 (3d Cir. 2010)). Thus, the Court will grant the motion as to Counts 8-16 and will dismiss those counts with prejudice as to the Government of the Virgin Islands.

The Government also takes issue with the fact that Plaintiff is not identified by his legal name in violation of Fed. R. Civ. P. 10(a). However, the Court has granted Plaintiff's request to proceed by pseudonym. *See* Order at ECF No. 73, entered November 20, 2025.[3] Thus, the motion to dismiss on this ground is moot.

Having reviewed the written submissions of the parties and having heard the arguments of counsel and having given its reasonings and rulings on the record, it is hereby

**ORDERED** that Defendant Alcede Edwards' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6), ECF No. 43, is **GRANTED in part and DENIED in part**; it is further

**ORDERED** that Counts 12-15 of Plaintiff's First Amended Complaint, ECF No. 38, as to Defendant Alcede Edwards, are **DISMISSED without prejudice**; it is further

**ORDERED** that Count 17 of Plaintiff's First Amended Complaint, ECF No. 38, as to all Defendants, is **DISMISSED without prejudice**; it is further

**ORDERED** that Defendant Board of Education's Motion to Dismiss Plaintiff's First Amended Complaint, ECF No. 56, is **GRANTED**; it is further

**ORDERED** that all counts of Plaintiff's First Amended Complaint, ECF No. 38, as to Defendant Virgin Islands Board of Education, are **DISMISSED without prejudice**; it is further

**ORDERED** that Defendants Government of the Virgin Islands, Department of Education, and Department of Human Services' Motion to Dismiss, ECF No. 67, is **GRANTED in part and DENIED in part**; it is further

---

[3] Upon review and discerning that the Order does not identify Plaintiff by name, the Court will order that the document be unsealed.

*Doe v. Virgin Islands Dep't of Ed. et al.*
Case No. 3:24-cv-0066
Order
Page 5 of 5

**ORDERED** that Counts 8-16 of Plaintiff's First Amended Complaint, ECF No. 38, as to Defendant Government of the Virgin Islands, are **DISMISSED with prejudice**; it is further

**ORDERED** that Plaintiff's motions to amend, ECF Nos. 47 and 63, are **GRANTED**; it is further

**ORDERED** that Plaintiff **SHALL** file with the Court an amended complaint **no later than April 17, 2026.** The amended complaint shall not contain any new claims or other causes of action not listed in the First Amended Complaint; it is further

**ORDERED** that Defendants shall file answers or otherwise respond to the amended complaint **no later than May 1, 2026**.

**Date:** March 26, 2026

/s/ *Robert A. Molloy*
**ROBERT A. MOLLOY**
**Chief Judge**